1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

9
10

| | Case No. 12-CV-00573 (VEB) |
|---|---|
| JEFFREY B. MORSE, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

11
12
13
14
15
16
17

**I. INTRODUCTION**

18    In December of 2010, Plaintiff Jeffrey B. Morse applied for Supplemental

19 Security Income ("SSI") benefits under the Social Security Act, alleging disability

20

due to several physical and psychological impairments. The Commissioner of Social Security denied the application.

Plaintiff, represented by the Law Office of Dana C. Madsen, Maureen J. Rosette Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On January 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 22).

## II. BACKGROUND

The procedural history may be summarized as follows:

On December 16, 2010, Plaintiff applied for SSI benefits, alleging disability beginning December 1, 2008. (T at 23, 200-208).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On January 4, 2012, a hearing was held before ALJ R.J. Payne. (T at 39). Plaintiff appeared with an attorney. (T at 39). The ALJ received testimony from two

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

medical experts, Dr. Richard Hutson (T at 42-48) and Dr. Donna Veraldi (T at 49-56).   The hearing was continued to May 5, 2012.   Plaintiff appeared with his attorney and testified. (T at 68-90). Additional testimony was received from Dr. Veraldi. (T at 61-68). The ALJ also heard testimony from Deborah Nelson Lapoint, a vocational expert. (T at 90-101).

On May 25, 2012, ALJ Payne issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 20-36).   The ALJ's decision became the Commissioner's final decision on August 24, 2012, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On October 15, 2012, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on December 17, 2012. (Docket No. 10).

Plaintiff filed a motion for summary judgment on April 8, 2013. (Docket No. 15).  The Commissioner moved for summary judgment on May 28, 2013. (Docket No. 19).  Plaintiff filed a reply memorandum of law in further support of his motion on June 4, 2013. (Docket No. 20).  As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

1    For the reasons set forth below, the Commissioner's motion is granted,

2  Plaintiff's motion is denied, and this case is dismissed.

3

4                          **III. DISCUSSION**

5  **A.    Sequential Evaluation Process**

6    The Social Security Act ("the Act") defines disability as the "inability to

7  engage in any substantial gainful activity by reason of any medically determinable

8  physical or mental impairment which can be expected to result in death or which has

9  lasted or can be expected to last for a continuous period of not less than twelve

10 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

11 plaintiff shall be determined to be under a disability only if any impairments are of

12 such severity that a plaintiff is not only unable to do previous work but cannot,

13 considering plaintiff's age, education and work experiences, engage in any other

14 substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

15 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

16 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

17    The Commissioner has established a five-step sequential evaluation process

18 for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

19 one determines if the person is engaged in substantial gainful activities. If so,

20
DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 16, 2010, the application date. (T at 25). The ALJ determined that Plaintiff's degenerative disc disease (C5-6, C6-7), mild acromioclavicular ("AC") joint disease, mood disorder "not otherwise specified" ("NOS"), anxiety disorder (NOS), and personality disorder (NOS, with antisocial, paranoid, and schizotypal features) were impairments considered "severe" under the Act. (Tr. 25-26).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 26-28).  The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), except that he would need to avoid contact with the general public, have limited contact with supervisors and co-workers, and be in a position that allowed him to work independently. (T at 28-32).

The ALJ found that Plaintiff could not perform his past relevant work as a construction worker. (T at 32).  However, considering Plaintiff's age (40 years old on the application date), education (limited), work experience, and RFC (light work,

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

with non-exertional limitations as outlined above), the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 32-33).

As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from December 16, 2010 (the application date), through May 25, 2012 (the date of his decision) and was therefore not entitled to benefits. (Tr. 33). As noted above, the ALJ's decision became the Commissioner's final decision on August 24, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  He offers three (3) main arguments in support of this position.  First, Plaintiff asserts that the ALJ did not properly assess the opinion of Dr. John Arnold.  Second, Plaintiff challenges the ALJ's RFC determination.  Third, he argues that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

# IV. ANALYSIS

## A.    Dr. Arnold's Opinion

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only for clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In October of 2011 Dr. John Arnold, a clinical psychologist, completed a psychological assessment of Plaintiff.   Dr. Arnold diagnosed major depression (recurrent, moderate to severe), anxiety (NOS), and paranoid personality disorder with schizotypal and antisocial feature. (T at 293).   He described Plaintiff's prognosis as "poor." (T at 293).   Dr. Arnold opined that Plaintiff would have extreme limitation with regard to working with or near others without being distracted by them and marked limitations as to performing activities within a schedule, maintaining regular attendance and being punctual. (T at 294). Dr. Arnold

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

also assessed marked limitations with respect to sustaining an ordinary routine without special supervision and completing a normal workday or workweek. (T at 294).

With regard to social interaction, Dr. Arnold opined that Plaintiff had moderate limitation as to his ability to interact appropriately with the public and extreme limitations with respect to accepting instructions and responding appropriately to criticism from supervisors, as well as getting along with co-workers and peers. (T at 295). He found marked limitations as to maintaining socially appropriate behavior, responding appropriately to changes in the work setting, and setting realistic goals or making plans independently of others. (T at 295).

The ALJ assigned little weight to Dr. Arnold's assessment, concluding that it was not supported by the evidence. (T at 31). This Court finds that the ALJ's assessment was consistent with applicable law and supported by substantial evidence. First, Dr. Arnold found that Plaintiff was exaggerating his symptoms and qualified his opinion. Specifically, Dr. Arnold indicated that some of Plaintiff's psychological test scores suggested "over reporting of psychological problems," which could be addressed by scoring adjustments "to some degree." (T at 292). He found other test results (namely, the MMPI-2RF profile) completely invalid, which also "suggest[ed] over reporting of psychological problems." (T at 292). Dr. Arnold

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

qualified his overall assessment, explaining that it was a "<u>generally</u> valid and reliable sample" of Plaintiff's current psychological functioning." (T at 292)(emphasis original).

Second, support for the ALJ's decision to discount Dr. Arnold's assessment is found in the report of Dr. Joyce Everhart, a consultative psychiatric examiner. Dr. Everhart, a licensed psychologist, conducted a mental status examination and review of Plaintiff's records (including Dr. Arnold's report). (T at 316-18). Dr. Everhart found indications of "malingering" and questioned whether Plaintiff was "making a credible effort." (T at 318). She diagnosed mood disorder (NOS) and personality disorder (NOS) with antisocial, paranoid, and schizoid features. (T at 319). Dr. Everhart assigned a Global Assessment of Functioning ("GAF")[2] score of 55 (Tr. 320), which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *Amy v. Astrue*, No. CV-11-319, 2013 U.S. Dist. LEXIS 2297, at *19 n.2 (E.D.Wa Jan. 7, 2013). She found that Plaintiff's attention, concentration, and intellectual ability appeared to be within normal limits. (T at 320). She opined that Plaintiff could listen, understand, and remember simple directions, but would likely have difficulty working with the public. (T at 320). Dr.

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

Everhart also opined that Plaintiff would "do best" if he did not have to interact closely with supervisors and co-workers. (T at 320).

Third, the opinion of Dr. Donna Veraldi, a non-examining medical expert, also supports the ALJ's decision. Dr. Veraldi, a psychologist, opined that Plaintiff had no restriction in his activities of daily living, moderate difficulty in maintaining social functioning, and no difficulties with respect to maintaining concentration, persistence, or pace. (T at 355). She testified that Plaintiff could perform basic work activities, provided his contact with others was limited. (T at 54). Dr. Veraldi opined that Plaintiff would have no limitation if the job required little or no contact with others and moderate limitation if he was required to work closely with co-workers and/or under supervision. (T at 55). Although Dr. Veraldi did not accept Dr. Everhart's diagnosis of malingering, she did believe that Plaintiff overreported his symptoms. (T at 51, 66).

Fourth, Dr. Arnold's assessment was based to a significant degree on Plaintiff's self-reports received during a single examination. (T at 295). As Dr. Veraldi noted, Plaintiff had no treatment records to review and over-reported on formal testing, rendering many of the scores invalid. (T at 312). As noted above, Dr. Arnold recognized Plaintiff's over-reporting and questioned the validity of many of the psychological test results. (T at 292). An ALJ may reject a medical source's

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

statement opinion if it is "based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)(citations omitted); *see also Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1996)("Inasmuch as the ALJ found that Sandgathe's self-reports were exaggerated, the ALJ determined that Dr. Hayes' report was unreliable as well.").

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, for the reasons outlined above, substantial evidence supports the ALJ's decision to discount Dr. Arnold's assessment and give relatively more weight to the findings of Dr. Everhart and Dr. Veraldi, both of whom rendered assessments relatively more consistent with, and more soundly supported by, the medical records.

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

**B.      Residual Functional Capacity**

Residual functional capacity ("RFC") is "what an individual can still do despite his or her limitations." *Meeker v. Astrue*, No. CV-08-039, 2010 U.S Dist. LEXIS 662, at *31 (E.D.Wa. Jan. 5, 2010)(citing SSR 96-8p).   When making a residual functional capacity determination, the ALJ considers a claimant's physical abilities, mental abilities, and symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis. 20 C.F.R. § 404.1545(a).   The ALJ's RFC determination will be upheld if the proper legal standard was applied and the determination is supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR § 416.967 (b), except that he would need to avoid contact with the general public, have limited contact with supervisors and co-workers, and be in a position that allowed him to work independently. (T at 28-32).

The ALJ applied the proper legal standard and his determination is supported by substantial evidence.  Dr. Richard Hutson, an orthopedic surgeon, reviewed the medical records and testified that Plaintiff had "nothing that is disabling from an orthopedic standpoint . . . ." (T at 43).  He opined that Plaintiff could perform light work, with some non-exertional limitations. (T at 44).  As noted above, Dr. Veraldi

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

concluded that Plaintiff had no restriction in his activities of daily living, moderate difficulty in maintaining social functioning, and no difficulties with respect to maintaining concentration, persistence, or pace. (T at 355).   She testified that Plaintiff could perform basic work activities, provided his contact with others was limited. (T at 54).   Plaintiff reported that he avoids most people, but travels to the library, attends to personal care needs, does laundry, takes daily walks, uses a computer daily, and goes shopping for small items. (T at 228-31).   In light of the foregoing evidence, this Court thus finds no error in the ALJ's RFC determination, which is supported by substantial evidence.

**C.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, the ALJ relied on the testimony of Deborah Nelson Lapoint, a vocational expert. Plaintiff challenges the ALJ's reliance on Ms. Lapoint's testimony, noting that the ALJ did not specifically ask the vocational expert a hypothetical question involving a claimant who needed to have "limited contact with supervisors and co-workers." However, while the ALJ did not use that precise phrase, his hypothetical question asked the vocational expert to assume the claimant was "moderately limited" with respect to social skills and had a "major issue" concerning his ability to work around others. (T at 92-93). This was sufficient to describe Plaintiff's social interaction limitations and was consistent with the limitations assessed by Dr. Everhart and Dr. Veraldi.

The vocational expert identified the job of housekeeper and cleaner (DOT number 323.687-014) as a job a hypothetical claimant with Plaintiff's RFC could

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

perform. (T at 94).    Plaintiff questions whether this position requires more supervision that Plaintiff can handle.  However, the vocational expert explained that there would be "fairly close supervision" for a "brief period" at the outset of employment, followed by limited contact with supervisors and co-workers. (T at 97). This requirement would not exceed Plaintiff's RFC as determined by the ALJ. Plaintiff also asks whether this job exists in significant numbers to satisfy the step five requirements.    The vocational expert testified that there were 5,000 housekeeper/cleaner positions in Washington State and 250,000 positions nationally. (T at 94).  The Ninth Circuit has not established a "bright line" rule regarding the minimum number of jobs necessary to satisfy step five's "significant number" requirement.  *See Barker v. Sec'y of Health & Human Srvcs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989).  The ALJ's conclusion that 5,000 regional and 250,000 national positions satisfies the "significant number" standard is consistent with the caselaw. *See Barker*, 882 F.2d at 1478-79 (finding that 1,200 jobs in relevant geographic area was significant); *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.1999) (concluding that 1,000 to 1,500 jobs in the local area was significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (per curiam) (finding that 2,300 jobs in San Diego County was significant).  This Court thus finds no reversible error with regard to the ALJ's step five analysis.

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering his decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **ECF No. 15**, is **DENIED.**

The Commissioner's motion for summary judgment, **ECF No. 19**, is **GRANTED**.

DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB

1    The District Court Executive is directed to file this Order, provide copies to

2    counsel, enter judgment in favor of the Commissioner and **CLOSE** the file.

3

4    DATED this 11th day of February, 2014.

5                                                    /s/Victor E. Bianchini

6                                           VICTOR E. BIANCHINI
                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20
     DECISION AND ORDER – MORSE v COLVIN 12-CV-00573-VEB